IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| COASTAL LOGISTICS, INC., | ) |
| | ) |
| Plaintiff and Counter Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| CENTERPOINT GARDEN CITY, LLC and DANKO CONCRETE CONSTRUCTION, LLC; | ) |
| | ) |
| Defendants and Counterclaimants. | ) |
| | ) |
| CENTERPOINT GARDEN CITY, LLC; | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. CV412-294 |
| | ) |
| EVANS GENERAL CONTRACTORS, LLC; MACGREGOR ASSOCIATES ARCHITECTS, INC.; and PRUITT EBERLY STONE, INC.; | ) |
| | ) |
| Third-Party Defendants. | ) |
| | ) |
| EVANS GENERAL CONTRACTORS, LLC; | ) |
| | ) |
| Fourth-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DANKO CONCRETE CONSTRUCTION, LLC; | ) |
| | ) |
| Fourth-Party Defendants. | ) |

# O R D E R

On January 8, 2014, the Court held a status conference in this case to discuss the specifics of the parties' dispute and their respective positions. (Doc. 92.) As a result of that discussion, the parties agreed that should they be unable to resolve their differences, they will submit to non-binding mediation and permit the Court to select the mediator. (Id.) The parties having been unable to settle their case, the Court **HEREBY APPOINTS** as mediator **Mr. Wallace E. Harrell** of Gilbert, Harrell, Sumerford & Martin, P.C. in Brunswick, Georgia. The parties are **HEREBY DIRECTED** to engage Mr. Harrell and the mediation process both in good faith and with meaningful participation. Failure to meaningfully participate or act in good faith by any party may result in the imposition of sanctions.

The parties shall afford Mr. Harrell the level of cooperation, courtesy, and access that would be shown a United States Magistrate Judge engaged in similar proceedings. In addition, Mr. Harrell shall possess the authority to both require clients, as well as their counsel, to attend mediation sessions and determine whether additional time should be allocated to the mediation process. The parties shall be

responsible for submitting and serving materials in a manner selected at Mr. Harrell's discretion. Any discussions regarding settlement shall be afforded the same protections provided under Federal Rule of Evidence 408.

Mr. Harrell shall be compensated at a rate of $300.00 per hour and shall submit applications for compensation on a periodic basis in a manner convenient to him. The parties shall be responsible for providing payment within ten days of any order of this Court authorizing such payment. In addition, the parties and the Court shall be responsible for compensation based on the following formula: 1/3 shall be paid by Plaintiff Coastal Logistics, Inc.; 1/3 shall be paid by Defendant Centerpoint Garden City, LLC; and 1/3 shall be paid by this Court. However, the parties may ultimately allocate the financial responsibility for their portion of the mediator's compensation amongst themselves as they may later determine.

The Court will stay all deadlines in this case pending the outcome of the mediation. From time to time, the mediator shall report to the Court in writing the status of any progress in this case and any recommendations concerning future mediation. In addition, the mediator shall be permitted to communicate at any time with the Court concerning all aspects of the mediation.

As an initial matter, the Court will set a deadline of 150 days from the date of this order for the parties to complete their mediation. Should the mediator determine that additional time may assist in the resolution of this case, he may notify the Court in writing of such belief and request additional time to conclude the mediation.

SO ORDERED this 20th day of February 2014.

_____
WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA